### ACTION TO RESCIND A POST-NUPTIAL AGREEMENT.

Common Pleas Court of Hamilton County.

ERNST DREWITZ v. GUSSIE D. OGDEN DREWITZ.

Decided, March 3, 1909.

*Husband and Wife—Anti and Post-Nuptial Agreements—Consideration for Release by Husband of All Interests in his Wife's Property—Such an Agreement Purely Executory—Principles of Quia Timet not Applicable—Legal Rights.*

1. The anti-nuptial agreement, not in writing, involved in this case is not supported by evidence establishing a sufficiently clear, definite, complete and mutual understanding between the parties to constitute a valid anti-nuptial agreement in consideration of marriage.

2. A promise by a wife to thereafter conduct herself toward her husband as a wife should, is simply a promise to do what she was already obligated to do, and does not constitute a valid consideration for a release by him of all his rights present and prospective in her property; but inasmuch as such a contract is purely executory, and ground does not exist for an application of the principles of *quia timet*, a court of equity will refuse to rescind it upon the petition of the husband.

*Horstman & Horstman*, for plaintiff.

*C. W. Baker*, contra.

HUNT, J.

This is an action brought by the husband against the wife to set aside a post-nuptial written agreement in which he releases all his rights present and prospective in his wife's property. The only ground alleged is that the wife at the time of the agreement "falsely represented that she would conduct herself towards him as a wife should," and that she has not so acted. The wife claims that the post-nuptial written agreement was entered into in pursuance of a verbal anti-nuptial agreement to the same effect. The written agreement by its terms does not purport to having been

so entered into. On the contrary, the written agreement in its recitals shows a radically different understanding of the parties as to any such anti-nuptial verbal agreement, and the evidence as to such verbal agreement considering the age, character, experience and position of the parties, fails to establish such a clear, definite, complete and mutual understanding between the parties as is necessary to constitute a verbal anti-nuptial agreement in consideration of marriage.

The post-nuptial agreement must, therefore, be considered only as a post-nuptial agreement. At the time it was made both parties were advised by counsel. They were in every sense of the word informed, and had full knowledge of all the facts pertaining to the subject-matter. No fraud, mistake, or undue influence is established. If the defendant promised thereafter to conduct herself toward the plaintiff as a wife should, she simply promised to do what she was obligated to do. Such promise, therefore, can not be considered a legal consideration, and a failure so to conduct herself does not constitute a failure of consideration. ·

The plaintiff in such agreement agreed to make no claim whatever to defendant's property, but in consideration thereof neither the defendant nor any third party, agreed to do anything or forbear doing anything, nor parted with any rights or property. The agreement of the plaintiff as far as the evidence shows in this case was, therefore, without any consideration whatever.

The plaintiff by law could not exercise any control over his wife's real or personal property until after her prior death, so that until she attempted to sell real estate in which sale he agreed to join without further consideration, or until defendant died, he could not be called upon to do anything or forbear doing anything by reason of his agreement. The agreement of plaintiff is, therefore, entirely executory in its nature.

This action is therefore an action in equity to rescind an agreement entirely executory in its nature upon the sole ground that the agreement is without consideration. Want of consideration is a good defense at law. A court of equity will in certain cases rescind an agreement for want of consideration upon the principles of *quia timet*, but the facts in this case do not invoke the application of these principles.

The facts in this case, therefore, are not sufficient to call for the action of a court of equity and the parties will be left to their legal rights.

The petition of plaintiff is therefore dismissed.